Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
TONY HONG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TONY HONG, an individual<br><br>        Plaintiff,<br><br>v.<br><br>NIDECKER US INC, a Washington corporation, JONES SNOWBOARDS LLC, a California limited liability company, MYSTERY MADE, LLC, a Washington limited liability company, and DOES 1-10, inclusive<br><br>        Defendant | Case No.<br><br>**1) COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>**2) FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(a))**<br>**3) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(b))**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Tony Hong ("Plaintiff" or "Hong"), by and through his attorneys of record, complains against Nidecker USA Inc. ("Nidecker"), Jones Snowboards LLC ("Jones"), and Mystery Made LLC ("Mystery Made") (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and acts of falsification and removal of copyright management information in violation of 17 U.S.C. §1202. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Tony Hong is a resident of Los Angeles, California.

4. Plaintiff is informed and believes and, upon such, alleges that Nidecker is a Washington corporation with a principal place of business in Bellingham, Washington.

5. Plaintiff is informed and believes and, upon such, alleges that Jones is a California limited liability company with a principal place of business in Truckee, California.

6. Plaintiff is informed and believes and, upon such, alleges that Mystery Made is a Washington limited liability company with a principal place of business in Seattle, Washington.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the

Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff and the Work Forming the Subject Matter of This Dispute*

8. Tony Hong is a prominent artist, whose work has featured in permanent public installations, commercial projects, and solo showings. His work has been published in the Huffington Post, Professional Artist Magazine, and the Art of Elysium Christie's Auction Catalog, among many others, and his commercial clients include Apple, AT&T, Target, and Verizon.

9. Hong created "Tree Rings," an illustration depicting fanciful inner-tree rings of a tree trunk. Tree Rings has been licensed by restaurants and displayed on public billboards and murals. The work has been timely registered with the United States Copyright Office. A copy of the work is attached as Exhibit A.

*Defendants and their Unlawful Activities*

10. On information and belief, Defendant Nidecker is a subsidiary of Nidecker S.A., a Swiss company that was founded in 1887. Nidecker and Nidecker S.A. primarily focus on producing snowboards for leading snowboard brands, including Nidecker, Jones, YES, Slash, and NOW bindings. According to its website, Nidecker's products are currently distributed in 32 countries and have won multiple awards for innovative designs and materials. On information and belief, Nidecker sells its products to Southern California residents, as it has at least one authorized retailer in Torrance, California.

11. On information and belief, Defendant Jones was founded in 2009. Jones develops and sells snowboards and related gear. It claims Jones was founded to innovate backcountry snowboarding. On information and belief, Jones sells its products to Southern California residents, including through numerous retailers located in Southern California,

including in Torrance, Long Beach, and Arcadia among others. On information and belief, Defendant Jones owns, operates and/or controls the website jonessnowboards.com.

12. On information and belief, Nidecker controls and/or owns Jones. The terms and conditions for the Jones Snowboards website states that Nidecker SA and Nidecker US Inc. operates the website "pursuant to agreements" with Jones Snowboards LLC. On information and belief, Nidecker materially contributed to the infringement as described herein with knowledge thereof, and/or had the right and ability to control Jones and financially benefited from the infringement.

13. On information and belief, Defendant Nidecker and Jones retained Mystery Made to reproduce, distribute, and create an unauthorized derivative version of Tree Rings without permission or license by imposing Tree Rings on a t-shirt ("Infringing T-shirt"). A copy of the infringement is attached as Exhibit B.

14. Subsequently, Nidecker, by and through Jones, reproduced, distributed, and publicly displayed Tree Rings by selling the Infringing T-shirt on its website. *See* Exhibit B. Moreover, Jones further infringed Tree Rings by posting a derivative version of "Tree Rings" as a background to JonesSnowboards.com, without consent or license.

15. Defendants used Hong's Tree Rings to drive interest to their products, including the Infringing T-shirt, and traffic to the Jones Snowboards Website. Thus, Defendants acted with the purpose and goal of financial gain, despite being sophisticated designers and innovators, with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

16. Plaintiff has attempted to resolve this case short of litigation. Plaintiff approached Defendants to request that they cease and desist unlawful use of his copyrighted works and take appropriate steps to resolve this matter amicably. Defendant Nidecker responded by admitting to the infringement and falsification and removal of copyright management information. Plaintiff has attempted to follow-up with counsel for Nidecker on several occasions, but the follow-up requests have been ignored. Defendants

have given Plaintiff no alternative but to file suit to protect his basic intellectual property rights from willful infringement.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

17. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 16 above.

18. Plaintiff is the rightsholder to the copyrights to Tree Rings, which consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, including timely registering Hong's Tree Ring's with the United States Copyright Office, Registration Number VA 2-022-677.

19. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Hong's copyrights, by reproducing, displaying, distributing and utilizing the Copyrighted Works for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

20. Defendants have willfully infringed Tree Rings by knowingly reproducing, displaying, distributing and utilizing it for purposes of trade, as shown in Exhibit B.

21. Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated designers and distributors of snowboards with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

22. On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed and displayed Tree Rings. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Tree Rings for purposes of trade, including by increased t-shirt sales without incurring design costs, and increasing the traffic to Defendants' website and, thus, increasing the sales realized.

23. As a result of the acts of Defendants alleged herein, Hong has suffered substantial damage to his business in the form of injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable. Accordingly, Hong seeks a declaration that Defendants have infringed Hong's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Hong's copyrights.

## SECOND CLAIM FOR RELIEF
### (Falsification of Copyright Management Information, 17 U.S.C. § 1202(a) *et seq.*, against Defendants)

24. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 23 above.

25. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

26. Hong's Tree Rings is published with the name of the work, as well as Hong's authorship and ownership credit, as shown in Exhibit B. In conjunction with Defendants' creation of an unauthorized derivative version of "Tree Rings", its distribution and public display, Defendants falsified CMI, including the title, the authorship information and the ownership information, and have admitted that they knowingly did so, by making it appear as though Defendants were the true author and owner of "Tree Rings."

27. As such, Hong is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Hong or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Hong's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Hong's copyright, intentionally falsified and/or caused or induced others to falsify copyright management information from Hong's Tree Rings, and/or distributed or imported Hong's Tree Rings and/or caused or induced others to distribute or import Hong's

Tree Rings with knowledge of the falsification of Hong's copyright management information, and/or distributed or imported for distribution Tree Rings with knowledge of the falsification of copyright management information in violation of 17 U.S.C. § 1202(a)(1)-(3).

28. Defendants' falsification of copyright management information for Tree Rings and subsequent distribution and public display of Tree Rings was willful and intentional, and was and is executed with full knowledge of Hong's rights under copyright law, and in disregard of Hong's rights.

29. Hong is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Hong's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of falsification.

30. Hong is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

31. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Hong not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Hong is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## THIRD CLAIM FOR RELIEF

(**Removal of Copyright Management Information, 17 U.S.C. § 1202(b) *et seq.*, against Defendants**)

32. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 31 above.

33. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

34. In conjunction with their distribution and public display, Defendants have admitted that they knowingly removed CMI, including the title, the authorship and

ownership information, claiming that the removal was made for aesthetic purposes. By taking off CMI, Defendants knowingly mislead people as to the author and owner of "Tree Rings," and attempt to cover up their own infringement, as shown in Exhibit B.

35. As such, Hong is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Hong or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Hong's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Hong's copyright, intentionally removed and/or caused or induced others to remove copyright management information from Hong's Tree Rings, and/or distributed or imported Hong's Tree Rings and/or caused or induced others to distribute or import Hong's Tree Rings with knowledge of the removal of Hong's copyright management information, and/or distributed or imported for distribution Tree Rings with knowledge of the removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

36. Defendants' removal and/or alteration of copyright management information for Tree Rings and subsequent distribution and public display of Tree Rings was willful and intentional, and was and is executed with full knowledge of Hong's rights under copyright law, and in disregard of Hong's rights.

37. Hong is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Hong's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

38. Hong's is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

39. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Hong not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Hong is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon Hong's Tree Rings;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Hong's Tree Rings copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon Hong's Tree Rings as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Hong for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that

improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), 1203(c)(1)(B) & (c)(3)(B).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505, 1203(b)(4).

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §§ 505, 1203(b)(5).

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: July 11, 2017                           **ONE LLP**

                                         By: /s/ Joanna Ardalan
                                            Joanna Ardalan
                                            John Tehranian
                                            Attorneys for Plaintiff,
                                            Tony Hong

## DEMAND FOR JURY TRIAL

Plaintiff Hong hereby demands trial by jury of all issues so triable under the law.

Dated: July 11, 2017  **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
John Tehranian
Attorneys for Plaintiff,
Tong Hong

**COMPLAINT**